United States District Court
Southern District of Texas
**ENTERED**
February 21, 2018
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| RECARTOR PATTERSON, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| vs. | § | CIVIL ACTION NO. H-15-3329 |
| | § | |
| INFINITY EMS L.L.C., *et al.*, | § | |
| | § | |
| *Defendants*. | § | |

# FINDINGS OF FACT AND CONCLUSIONS OF LAW

This case brought under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*, (FLSA) was tried to the court on November 6, 2017. The parties consented to the jurisdiction of this magistrate judge for all purposes, including final judgment.

## I. INTRODUCTION

This case arises under the Fair Labor Standards Act (FLSA). Patterson contends that defendants[1] violated the FLSA by not paying him overtime. Defendant Antoine J. Joseph contends that he was not Patterson's employer; Patterson is exempt from the overtime requirements of the FLSA; and Patterson did not work any unpaid overtime hours. Defendant Infinity EMS, LLC contends Patterson did not work any unpaid overtime hours. Defendant James R. Chaney did not appear at trial. Based on

[1] Patterson sued Infinity EMS, LLC, James R. Chaney, Antoine J. Joseph, and William Allen Guthrie. The court dismissed Patterson's claims against Guthrie based on the parties' stipulation that Patterson and Guthrie had reached a settlement. Dkt. 44.

the evidence presented at trial, arguments of counsel[2], and applicable law, the court makes the following findings of fact and conclusions of law.[3]

## II. DEFAULT JUDGMENT

### Findings of Fact

1. Defendant James R. Chaney, having been properly noticed, did not appear for trial on November 6, 2017. Dkt. 54.

2. Chaney also did not appear at the final pretrial conference on November 2, 2107. Dkt. 50.

3. Counsel who filed an answer on the part of Chaney conceded he was no longer in contact with his former client; that Chaney is living out of the country; and that he had no reason to believe Chaney intends to return to defend this action.

### Conclusions of Law

1. A default judgment may be entered against a person who fails to appear at trial or otherwise fails to defend an action. FED. R. CIV. P. 55; *Seven Elves*

2. Plaintiff has met his burden to show that a default judgment against James R. Chaney is appropriate.

---

[2] At the conclusion of evidence, the court granted the parties leave to file post-trial briefing on or before December 15, 2017. *See* Dkts. 54; 59-61.

[3] To the extent any item designated as a finding of fact is actually a conclusion of law, it is deemed as such and vice versa.

3. Plaintiff is entitled to default judgment based on the allegations in the complaint as to liability against James R. Chaney. *See Wooten v. McDonald Transit Assoc., Inc.*, 788 F.3d 490, 496 (5th Cir. 2015).

4. Despite entry of default judgment as to liability, plaintiff must prove the amount of damages at trial. *Id.*; *see* FSLA Claim Conclusions of Law 14-16, *infra.*

## II. <u>FLSA CLAIM</u>

### Findings of Fact

1. Recartor Patterson worked as an ambulance driver and Emergency Medical Technician (EMT) for Infinity EMS, LLC from August 2013 through August 2015. Tr.

2. Patterson testified that he did not work for any other company from August 2013 through August 2015. Tr. 105-06. Patterson's Linked In resume states that he worked for Nurse Management and Tadeo's EMS during parts of this same time period. Patterson testified that he misrepresented his employment dates on his Linked In resume. Tr. 106-07, 119-20, 154.

3. Infinity EMS, LLC was a Texas Limited Liability Corporation.

4. James C. Chaney was the majority owner of Infinity EMS, LLC. Other members of the LLC were Justin Lennert, William Guthrie, and Antoine Joseph. Tr. 6-7.

5. At the time of Patterson's employment, Joseph held a 10% equity interest in Infinity EMS, LLC. *Id.*

6. Chaney became less involved in the company in late 2013, when the company was in financial trouble. Tr. 84-85. There were few clients and business was spotty from around October 2013 through December 2014. Tr. 100, 148-49.

7. During his period of employment, Infinity EMS supplied the ambulances and all supplies for Patterson to do his job. Tr. 60. Infinity had 2-3 ambulances, but sometimes ran only one ambulance per day. Tr. 14-15.

8. During 2014, Patterson would charge gas to an Infinity account at a gas station and either Joseph or Chaney would pay off the account at the end of the month. Tr. 113.

9. Patterson's work consisted of driving patients to and from dialysis or wound care treatments and filing out patient reports for each trip. A typical day started at 4:30 a.m. and ended at various times in the afternoon. Tr. 23, 87-88, 97-98.

10. During his employment, Infinity had three primary regular clients and a few others. Tr. 41, 88, 125. There were at least three and up to six other ambulance drivers working for Infinity EMS at the same time as Patterson. Tr. 13, 41, 125.

11. When he was not engaged in transporting a patient, Patterson was free to use his time for his own purposes. During his down time, he frequently slept, went

out to eat, went to the gym or ran personal errands. Tr. 44-45, 91-92. At one point he also attended a class during the day for his criminal justice degree. Tr. 53, 78-79, 114.

12. Infinity initially paid Patterson $14.00 per hour. In November 2013 Infinity began paying Patterson $125 per day, plus a commission if Patterson brought in a new client. Tr. 19, 81. Patterson testified that his pay scheme returned to $14.00 per hour in January 2014. Tr. 81, 95. However, his January 9, 2015 pay check says "9 days" on the notation line, and is in an amount, $1,125.00, that equals 9 times $125.00. Tr. 137-41.

13. Infinity EMS was paid approximately $500.00 for each run covered by Medicare or Medicaid, and up to $1,000.00 per run covered by private insurance. Tr. 15, 101. Infinity ran approximately 8 privately paid round trips and approximately 10 medicare/medicaid trips per week, resulting in approximately $676,000.00 in gross receipts per year. Tr. 102, 104.

14. Patterson was never paid a half-time overtime premium during his employment with Infinity EMS.

15. In 2014, Patterson was paid a commission of $25,000 for bringing in a patient, Mr. Roberts, who began using Infinity EMS in late 2013. Tr. 93.

16. Patterson's income was reported to the IRS on a form 1099-MISC as "nonemployee compensation." According to his 1099-MISCs, Infinity EMS LLC paid Patterson $24,375.00 in 2013, $67,216.00 in 2014, and $28,270.12 in 2015.

17. Joseph routinely signed checks from Infinity EMS, LLC's account payable to Patterson in 2014. Patterson also received checks signed by William Guthrie. P.Ex. 2.

18. Contrary to Patterson's testimony, Tr. 164, a check dated 12/26/14 (D.Ex. 11) was signed by Guthrie, not Joseph.

19. In 2014, after Chaney stopped coming in on a regular basis, Joseph took a greater role in managing daily operations. However, Chaney was still making decisions and instructing Joseph how to handle certain details. There is no evidence that Joseph had hiring and firing authority or the ability to set pay. Tr. 11-12, 59, 66-67, 145-47, 133.

20. Joseph started a new company and stopped daily involvement with Infinity EMS in December 2014. Tr. 38, 68, 75.

21. Patterson's testimony was not entirely credible, particularly regarding his hours worked and rate of pay.

**Conclusions of Law**

1. The FLSA provides that employers within the scope of the Act must pay covered employees extra compensation of at least one and one-half times the employee's regular rate of pay for hours worked in excess of forty hours per week. 29 U.S.C. § 207(a)(1). The reach of the FLSA is broad, but not unlimited. *Cleveland v. City of Elmendorf*, 388 F.3d 522, 526 (5th Cir. 2004).

2. The FLSA applies to employers with at least two employees that was engaged in commerce or the production of goods for commerce and had annual gross sales of at least $500,000.00.

3. Patterson presented some evidence that Infinity EMS had at least $500,000.00 in annual gross sales and defendants presented no evidence to rebut that fact.

4. Patterson engaged in interstate commerce in his work for Infinity EMS.

5. Under FLSA § 203(d):

> 'Employer' includes any person acting directly or indirectly in the interest of an employer in relation to an employee and includes a public agency, but does not include any labor organization (other than when acting as an employer) or anyone acting in the capacity of officer or agent of such labor organization.

6. To determine whether an individual or entity is an employer, the court considers whether the alleged employer: (1) possessed the power to hire and fire the

employees, (2) supervised and controlled employee work schedules or conditions of employment, (3) determined the rate and method of payment, and (4) maintained employment records. *Gray v. Powers*, 673 F.3d 352, 355 (5th Cir. 2012) (citing *Williams v. Henagan*, 595 F.3d 610, 620 (5th Cir.2010)). In cases where there may be more than one employer, this court "must apply the economic realities test to each individual or entity alleged to be an employer and each must satisfy the four part test." *Id.* (citing *Watson v. Graves,* 909 F.2d 1549, 1556 (5th Cir. 1990)).

7. Infinity EMS LLC was Patterson's employer for purposes of the FLSA from August 2013 through August 2015.

8. Antoine Joseph was not Patterson's employer for purposes of the FLSA at any time relevant to this lawsuit.

9. Certain employees are exempt from FLSA coverage. The employer bears the burden to prove that an employee is exempt, and "exemptions are to be narrowly construed against the employer." *Cleveland*, 388 F.3d at 526.

10. Defendants did not meet their burden to show that Patterson was exempt from overtime under any FLSA exemption.

11. The FLSA requires that overtime must be compensated at a rate not less than one and one-half times the "regular rate" at which the employee is actually employed. 29 U.S.C. § 207(a); 29 C.F.R. § 778.107. The "regular rate" is the

employee's hourly rate as determined "by dividing his total remuneration for employment (except statutory exclusions) in any workweek by the total number of hours actually worked by him in that workweek for which such compensation was paid." 29 C.F.R. § 778.109 (emphasis supplied).

12. An employee is entitled to be paid for time spend "on-call" if his freedom is significantly curtailed during the on-call period. The key determination is whether the employee is free to use the down time for his own purposes. In making this determination, the court considers factors such as the employee's freedom of movement between various locations; what activities the employee may engage in; whether the employer imposes a minimum response or maximum distance requirement. *Bright v. Houston Nw. Med. Ctr. Survivor, Inc.*, 934 F.2d 671, 677-78 (5th Cir. 1991).

13. Patterson was not entitled to compensation for his on-call time because he was free to use that time for his own purposes.

14. Patterson did not meet his burden to prove that he worked over 40 hours per week without overtime compensation at any time between August 2013 and August 2015.

15. Patterson did not meet his burden to prove facts from which his regular rate of pay could be calculated.

16. A successful FLSA plaintiff is entitled to liquidated damages equal to the amount of unpaid overtime compensation. 29 U.S.C. § 260.

17. Because Patterson did not meet his burden to prove unpaid overtime compensation, he is not entitled to liquidated damages.

## III. CONCLUSION

For the reasons stated above, the court concludes that Patterson shall take nothing on his claims against Infinity EMS, Antoine Joseph, and James Chaney.

The court will issue a separate final judgment.

Signed at Houston, Texas on February 21, 2018.

Stephen Wm. Smith
United States Magistrate Judge